# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>VERDEGROUP INVESTMENT PARTNERS, INC.; THOMAS GAFFNEY; and LISA GORDON,<br><br>Defendants,<br><br>and<br><br>TOMMY'S PIZZA VENTURES, INC.; and CYNTHIA GAFFNEY,<br><br>Relief Defendants. | Case No. 2:21-cv-07663-SB-ADS<br><br>**[PROPOSED] CORRECTED FINAL JUDGMENT AS TO DEFENDANTS VERDEGROUP INVESTMENT PARTNERS, INC.; THOMAS GAFFNEY; AND LISA GORDON; AND RELIEF DEFENDANTS TOMMY'S PIZZA VENTURES, INC.; AND CYNTHIA GAFFNEY** |

Exhibit 3 Page 11

1  This matter came before the Court on the Securities and Exchange
2  Commission's ("SEC") Motion for Default Judgment against defendants VerdeGroup
3  Investment Partners, Inc. ("VerdeGroup"), Thomas Gaffney and Lisa Gordon
4  (collectively, "Defendants") and relief defendants Tommy's Pizza Ventures, Inc.
5  ("Tommy's Pizza"), and Cynthia Gaffney (collectively, "Relief Defendants").  The
6  Court having considered the SEC's Complaint, the Motion, the supporting
7  Memorandum of Points and Authorities, the supporting declaration and exhibits, and
8  the other evidence and argument presented to the Court, finds that:

**I.**

IT IS HEREBY ORDERED that the SEC's Motion for Default Judgment against defendants VerdeGroup Investment Partners, Inc., Thomas Gaffney and Lisa Gordon and relief defendants Tommy's Pizza Ventures, Inc., and Cynthia Gaffney is GRANTED.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants VerdeGroup and Thomas Gaffney are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"). 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, in connection with the purchase or sale of any security, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a)  to employ any device, scheme, or artifice to defraud; or

(b)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) VerdeGroup and/or Thomas Gaffney's officers, agents,

servants, employees, and attorneys; and (b) other persons in active concert or participation with VerdeGroup and/or Thomas Gaffney or with anyone described in (a).

### III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants VerdeGroup and/or Thomas Gaffney are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;
(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) VerdeGroup and/or Thomas Gaffney's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with VerdeGroup and/or Thomas Gaffney or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants VerdeGroup, Thomas Gaffney, and Gordon are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

1.    (a)   unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

2.    (b)   unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

3.    (c)   making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Gordon is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person, to make use of the mails or any means or instrumentality of

interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) any officers, agents, servants, employees, and attorneys of Gordon; and (b) other persons in active concert or participation with Gordon or with anyone described in (a).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant Thomas Gaffney is permanently restrained and enjoined from directly or indirectly, including but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security in an unregistered offering by an issuer provided, however, that such injunction shall not prevent him from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant Thomas Gaffney's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Thomas Gaffney or with anyone described in (a).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants VerdeGroup and Thomas Gaffney, and Relief Defendants Tommy's Pizza and Cynthia Gaffney are jointly and severally liable for disgorgement of $467,110, plus

1 prejudgment interest thereon in the amount of $3,532.12, for a total of $470,642.12,
2 all of which represents net profits gained as a result of the conduct alleged in the
3 Complaint, which the Court finds is for the benefit of investors.
4     Defendant VerdeGroup shall pay a civil penalty in the amount of $500,000,
5 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section
6 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Defendant Thomas Gaffney
7 shall pay a civil penalty in the amount of $100,000, pursuant to Section 20(d) of the
8 Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15
9 U.S.C. § 78u(d)(3).  Defendant Gordon shall pay a civil penalty in the amount of
10 $5,000, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and
11 Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).
12     Defendants VerdeGroup, T. Gaffney, and Gordon, and Relief Defendants
13 Tommy's Pizza and Cynthia Gaffney shall satisfy this obligation by paying the
14 aforementioned sums to the SEC within 14 days after entry of this Judgment.
15 Defendants VerdeGroup, Thomas Gaffney, and Gordon, and Relief Defendants
16 Tommy's Pizza and Cynthia Gaffney may transmit payment electronically to the
17 SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.
18 Payment may also be made directly from a bank account via Pay.gov through the
19 SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants VerdeGroup,
20 Thomas Gaffney, and Gordon, and Relief Defendants Tommy's Pizza and Cynthia
21 Gaffney may also pay by certified check, bank cashier's check, or United States
22 postal money order payable to the Securities and Exchange Commission, which shall
23 be delivered or mailed to:
24     Enterprise Service Center
25     Accounts Receivable Branch
    6500 South MacArthur Boulevard
26     Oklahoma City, OK 73169
27 and shall be accompanied by a letter identifying the case title, civil action number,
28 and name of this Court; VerdeGroup, Thomas Gaffney, and Gordon as defendants

and Tommy's Pizza and Cynthia Gaffney as relief defendants in this action; and specifying that payment is made pursuant to this Judgment.

Defendants VerdeGroup, Thomas Gaffney, and Gordon, and Relief Defendants Tommy's Pizza and Cynthia Gaffney shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendants VerdeGroup, Thomas Gaffney, and Gordon, and Relief Defendants Tommy's Pizza and Cynthia Gaffney relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants or Relief Defendants.

The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment. Defendants VerdeGroup, Thomas Gaffney, and Gordon, and Relief Defendants Tommy's Pizza and Cynthia Gaffney shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### VII~~I~~.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment.

### ~~VIII~~IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, \_\_\_\_

_____
HON. STANLEY BLUMENFELD JR.
UNITED STATES DISTRIC JUDGE

7

Exhibit 3 Page 18