# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>VERDEGROUP INVESTMENT PARTNERS, INC.; THOMAS GAFFNEY; and LISA GORDON,<br><br>Defendants,<br><br>and<br><br>TOMMY'S PIZZA VENTURES, INC.; and CYNTHIA GAFFNEY,<br><br>Relief Defendants. | Case No. 2:21-cv-07663-SB-ADS<br><br>**AMENDED FINAL JUDGMENT** |

For the reasons stated in the Court's January 14, 2022 order granting Plaintiff Securities and Exchange Commission's (SEC) motion for default judgment, Dkt. No. 31, and to correct the inadvertent omission from the January 20, 2022 final judgment of one part of the injunctive relief ordered by the Court, the Court enters an amended final judgment as follows:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants VerdeGroup and Thomas Gaffney are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the Exchange Act). 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, in connection with the purchase or sale of any security, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a)  to employ any device, scheme, or artifice to defraud; or

(b)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) VerdeGroup and/or Thomas Gaffney's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with VerdeGroup and/or Thomas Gaffney or with anyone described in (a).

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants VerdeGroup and/or Thomas Gaffney are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the Securities Act), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) VerdeGroup and/or Thomas Gaffney's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with VerdeGroup and/or Thomas Gaffney or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants VerdeGroup, Thomas Gaffney, and Gordon are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  (c)  making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Gordon is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person, to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any officers, agents, servants, employees, and attorneys of

Gordon; and (b) other persons in active concert or participation with Gordon or with anyone described in (a).

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act, 15 U.S.C. § 78u(d)(5), Defendant Thomas Gaffney is permanently restrained and enjoined from directly or indirectly, including but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security in an unregistered offering by an issuer provided, however, that such injunction shall not prevent him from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Thomas Gaffney's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Thomas Gaffney or with anyone described in (a).

### VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants VerdeGroup and Thomas Gaffney and Relief Defendants Tommy's Pizza and Cynthia Gaffney are jointly and severally liable for disgorgement of $467,110, plus prejudgment interest thereon in the amount of $3,532.12, for a total of $470,642.12, all of which represents net profits gained as a result of the conduct alleged in the Complaint, which the Court finds is for the benefit of investors.

Defendant VerdeGroup shall pay a civil penalty in the amount of $500,000, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant Thomas Gaffney shall pay a civil penalty in the amount of $100,000, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15

U.S.C. § 78u(d)(3).  Defendant Gordon shall pay a civil penalty in the amount of $5,000, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

Defendants VerdeGroup, Thomas Gaffney, and Gordon and Relief Defendants Tommy's Pizza and Cynthia Gaffney shall satisfy this obligation by paying the aforementioned sums to the SEC within 14 days after entry of this Judgment. Defendants VerdeGroup, Thomas Gaffney, and Gordon and Relief Defendants Tommy's Pizza and Cynthia Gaffney may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants VerdeGroup, Thomas Gaffney, and Gordon, and Relief Defendants Tommy's Pizza and Cynthia Gaffney may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Service Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; VerdeGroup, Thomas Gaffney, and Gordon as defendants and Tommy's Pizza and Cynthia Gaffney as relief defendants in this action; and specifying that payment is made pursuant to this Judgment.

Defendants VerdeGroup, Thomas Gaffney, and Gordon and Relief Defendants Tommy's Pizza and Cynthia Gaffney shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendants VerdeGroup, Thomas Gaffney, and Gordon, and Relief Defendants Tommy's Pizza and Cynthia Gaffney relinquish all

legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants or Relief Defendants.

The SEC shall hold the funds (collectively, the Fund) and shall distribute the Fund in a manner consistent with the Supreme Court's admonition in *Liu* that the disgorgement remedy must be for the benefit of investors. *Liu v. SEC*, 140 S. Ct. 1936, 1947–49 (2020).  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  **The SEC may disburse funds to the defrauded investors without seeking leave of Court.  If the SEC wishes to send any portion of the Fund to the United States Treasury or otherwise dispose of the Fund in any manner besides compensating the defrauded investors, the SEC must first obtain approval from the Court** *unless it has already distributed the full disgorgement amount to investors*.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment. Defendants VerdeGroup, Thomas Gaffney, and Gordon, and Relief Defendants Tommy's Pizza and Cynthia Gaffney shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment.

**This is a Final Judgment.**

Dated:  March 11, 2022

HON. STANLEY BLUMENFELD JR.
UNITED STATES DISTRICT JUDGE